IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE HOOTERS OF AMERICA, LLC, et al., | § | |
| | § | |
| Debtors. | § | |
| | § | |
| HOOTERS OF AMERICA, LLC, et al., | § | Civil Action No. 3:25-CV-3204-D, (Consolidated With Civil Action No. 3:25-CV-3218-D) (Bank. Ct. No. 25-80078 (SWE); Adv. No. 25-08004 (SWE)) |
| | § | |
| Appellants-Cross-Appellees, | § | |
| | § | |
| VS. | § | |
| | § | |
| LAGS EQUIPMENT, LLC, | § | |
| | § | |
| Appellee-Cross-Appellant. | § | |

APPEALS FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FITZWATER, Senior Judge:

The instant appeals are an appeal and cross-appeal taken from the bankruptcy court's October 30, 2025 order (I) approving the disclosure statement on a final basis and (II) confirming the fourth amended joint chapter 11 plan of reorganization of Hooters of America, LLC and its affiliated debtors ("Order").[1] The underlying dispute principally

[1]According to the parties, it was unclear which parties should be deemed the appellants and which parties should be deemed the appellees, so they resolved this uncertainly through a stipulation. The stipulated alignment of the parties has not affected the court's disposition of the merits of this appeal and cross-appeal.

concerns the so-called "Lags Royalty," which the bankruptcy court addressed thoroughly and in detail in a bench ruling pronounced on September 12, 2025.[2]

Each side seeks to affirm some parts of the bankruptcy court's ruling and to reverse other parts. In sum, the appellants-cross-appellees contend that the bankruptcy court correctly held that the right of Lags Equipment, LLC ("Lags") to the Lags Royalty was nothing more than an unsecured claim—a dischargeable contractual right to payment—but that it erred in holding that Lags had the continued right to collect the subset of the Lags Royalty associated with the franchisees located in South Florida. The appellee-cross-appellant maintains that the bankruptcy court's ruling that Lags owns and is entitled to continue receiving the Lags Royalty in the South Florida Territory should be affirmed, but that its ruling that Lags is not entitled to continue receiving the Lags Royalty from Hooters branded restaurants operating in the Indiana, Ohio, Texas Territory (the company-owned restaurants) should be reversed.

"'The court reviews the bankruptcy court's conclusions of law *de novo*, but reviews its fact findings only for clear error.'" *In re Nary*, 253 B.R. 752, 756 (N.D. Tex. 2000) (Fitzwater, J.) (quoting *In re ICH Corp*., 230 B.R. 88, 91 n.10 (N.D. Tex. 1999) (Fitzwater, J.). "'A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *In re Johnson Sw., Inc.*, 205 B.R. 823, 827 (N.D. Tex. 1997) (Fitzwater, J.)

[2]The bench ruling related to "'Core Issues' of what Lags owns or what Lags is owed as a result of the agreements at issue, and the nature of its rights and claims." R. 1461-62.

(quoting *In re Placid Oil Co.*, 158 B.R. 404, 412 (N.D. Tex. 1993) (Fitzwater, J.)). "'If the trier of fact's account of the evidence is plausible in light of the record viewed in its entirety, the appellate court may not reverse it.'" *Id*. (quoting *Placid Oil*, 158 B.R. at 412). "'[T]his court does not find facts. Neither is it free to view the evidence differently as a matter of choice.'" *Id*. (quoting *Placid Oil*, 158 B.R. at 412). "'The bankruptcy judge's "unique perspective to evaluate the witnesses and to consider the entire context of the evidence must be respected."'" *Id*. (quoting *Endrex Exploration Co. v. Pampell*, 97 B.R. 316, 323 (N.D. Tex. 1989) (Fitzwater, J.)).

Having read the Order, the briefs, and the transcript of the bankruptcy court's bench ruling, reviewed the pertinent parts of the record on appeal, and heard oral argument, the court holds that the bankruptcy court, in entering the Order, did not commit any reversible legal error or clearly err in any of its findings of fact.[3]

---

[3]Considering the nature of the issues on appeal, the bankruptcy court's comprehensive and detailed bench ruling, and the need to issue a prompt ruling, the court discerns no persuasive reason to explain its decision in detail.

Like the bankruptcy judge, who noted that he "[o]rdinarily . . . would prepare a formal written ruling for a complicated decision like this, but . . . elected to do an oral script instead because of the urgency of getting a ruling out as quickly as possible[,]" R. 1462, this court is sensitive to the need for a prompt ruling in this bankruptcy case. The last brief was filed July 27, 2026, oral argument was heard September 1, 2026, and this decision is being filed within one month of oral argument.

Moreover, if an appeal is taken, the court of appeals will not defer to this court's legal conclusions. *See In re San Patricio Cnty. Cmty. Action Agency*, 575 F.3d 553, 557 (5th Cir. 2009) ("On this appeal, we act as the second appellate court to review the acts of the bankruptcy court. Consequently, we apply the same standard of review to the bankruptcy court's ruling as did the district court. We provide no deference to legal conclusions and analyze them anew."). Nor will the court of appeals defer to this court's findings. *See In re White-Robinson*, 777 F.3d 792, 799 (5th Cir. 2015) ("We do not defer to the district court's

Accordingly, the bankruptcy court's Order is AFFIRMED.

September 25, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE

findings in this bankruptcy appeal, so any such error is harmless on appeal."); *see also In re Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1997) ("Although the bankruptcy appellate process makes this court the second level of review, we perform the identical function as the district court."). Given this lack of deference, there is no need to write a detailed decision for the purpose of informing further appellate review.